### Blair v. Fraley.

(Decided December 5, 1916.)

#### Appeal from Morgan Circuit Court.

1. Partnership—Compensation of Partner.—The rule in respect to compensation between partners is that in the absence of clear and convincing evidence of a contract, compensation will not be allowed merely because one partner renders more service in connection with the firm's business than the other.

2. Interest—Adding Interest to Principal Sum and Collecting Interest on Both.—It is not a violation of the usury laws to add to the amount of a debt interest thereon at six per cent. for one year and take a note for the debt and interest due in one year, bearing six per cent. interest after its maturity.

ALLEN N. CISCO and S. MONROE NICKELL for appellant.

GARDNER & REDWINE and WILLIAM G. DEARING for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant Blair brought this suit to have judgment on a note executed to him by A. J. Fraley and wife on July 23, 1909, for twenty-five hundred dollars, due in twelve months from date and bearing interest from date until paid, and also to enforce a lien, given to secure its payment, on several tracts of land described in the petition. . The only credit to which the note was entitled, according to the petition, was $74.71, as of January 7, 1910.

By way of answer, set-off and counterclaim to this suit, Fraley averred that in addition to this $74.71 credit, he was entitled to a credit of three hundred dollars on the note on account of some land that was sold to one Frank Gibson for six hundred dollars, all of which was retained by Blair, but to one-half of which Fraley was entitled.

He further set up that in December, 1905, he and Blair entered into a partnership for the purchase, sale and renting of land, and for the purchase and sale of the timber thereon, and that the services he rendered in connection with the partnership of business, under an agreement that he should be paid a reasonable compensation therefor, were worth $5,024, one-half of which, to-wit, $2,512, should be paid by Blair, and he asked for credit on the note for this amount.

He further set up that Blair was indebted to him in the sum of $256, growing out of a timber contract in which they were partners, and that he should have a credit on the note by this sum.

For reply to the counterclaim and set-off, Blair averred that the three hundred dollar item for which Fraley sought to have credit on the note sued on, had been credited by him on another note that he had against Fraley. He denied that he and Fraley were partners in the business of buying, renting and selling land, and also denied that Fraley's services in connection with the land they owned jointly were of the value of fifty dollars per month or more than two dollars per month, or in the aggregate more than $204, and averred that his services were worth a like sum. He also denied that there was any agreement that Fraley should be compensated for his attention to the land, and averred that it was the understanding between them that no charges for services rendered in connection with the land should

be made by either of them. He further put in issue Fraley's claim that he was entitled to a credit of $256 on the note, and further averred that Fraley was indebted to him for the additional sum of $62.50 evidenced by his promissory note.

In a rejoinder the affirmative matter in the reply was controverted.

After the pleadings were made up, the case was referred to the master commissioner of the court to settle the accounts between the parties, and he found: (1) That Fraley and Blair were not partners in the land transactions, but that they were joint owners of several tracts of land, each one owning an undivided one-half interest therein; (2) that Blair rendered as much service as Fraley did in looking after the lands owned by them and that neither was entitled to make any charge against the other for services in respect to the land, and therefore Fraley's claim for compensation on this account was rejected; (3) that there was 'a partnership existing between Blair and Fraley in a logging contract with the Clearfield Lumber Co., and that Blair owed Fraley on a settlement of this partnership, $250; (4) that on November 19, 1907, Fraley executed his note to Blair for $3,250, $240 of which was usury, and that after extracting this usury, the face of the note at the time of its execution was $3,010; (5) that the twenty-five hundred dollar note sued on was executed in renewal of and in place of the $3,250 note, and that 'Fraley was entitled to a credit on the note sued on by $74.71 and $250, leaving a balance due Blair as of March 20, 1915, of $2,989.

On exceptions filed to this report by both parties, the lower court adjudged that Blair and Fraley were partners in the land transactions extending over a period of some nine years, and that Fraley was entitled as compensation for services rendered in connection with this land to seventeen hundred dollars, to one-half of which, less $102 allowed Blair for one-half the value of his services, he should have a credit on the note sued on. He further apparently found that Fraley was entitled to a credit of $99 paid by him on account of some coal operations. He also allowed Fraley $256 in place of the $250 allowed by the commissioner on account of the partnership logging contract; and finally found that Blair's debt was twenty-five hundred dollars, with interest from July 23, 1909, subject to a credit of $74.71,

January 7, 1910; $256, April 20, 1911; $112.91, April 1, 1914, on account of usury; and $748 as of date of the judgment. He further adjudged that Blair had a lien on the land to secure the payment of this indebtedness and also to secure an agreed indebtedness for $250 due him in the division of the land. It was also adjudged that Blair should have a personal judgment against Fraley for $62.50, with interest from January 11, 1911. It was further adjudged that each of the parties should pay one-half of the costs of the action.

(1)  On this appeal it is insisted that the court committed error in overruling a motion to strike from the answer and counterclaim of Fraley the second and third paragraphs thereof, but we shall not spend any time on this feature of the case, because it is manifestly to the interest of both parties that all the matters in dispute between them growing out of their business relations should be adjudicated in this suit. Both parties were fully apprised of all the issues made by the pleadings, and each had an opportunity to assert his claim and make his defense, and no error prejudicial to Blair was committed by the court in permitting Fraley to set up as a defense all the matters relied on in his answer and counterclaim.

(2)  Were the lands bought and owned by Blair and Fraley partnership lands or did they own them merely as joint owners, each having an undivided one-half interest in the land? It appears that during the progress of the suit and a few days before the judgment was entered, the parties, by an agreement which is a part of the record, divided the lands between them and also agreed that the $250 mentioned in the judgment should be added to the debt sued on and be a lien on the land allotted in the division to Fraley. So that whether Blair and Fraley were or were not partners in these land transactions is really a matter of very little difference except in its bearing upon the question of costs and compensation. It is admitted that they were partners in the logging contract with the Clearfield Lumber Co., and if they were partners in the land transactions, the lower court had a discretion under the statute in adjudging the costs between them, whereas if there was no partnership, all the costs should have been adjudged against Fraley.

The evidence upon the subject of the partnership is very conflicting. Fraley testifies they were partners in

the land transactions, while Blair testifies they were not partners but that they merely bought and traded in the lands as joint owners, each of them owning individually an undivided one-half interest. The commissioner found they were not partners, but the chancellor found they were, and on this disputed question of fact we are disposed to follow the finding of the chancellor, as we think the weight of the evidence and the surrounding circumstances show that it was in the contemplation of both parties that the land should be partnership land. Treating them as partners in the land transaction, the next question is this:

(3) Should the lower court have allowed Fraley any compensation for his services in looking after these lands? The rule in respect to compensation between partners is that, in the absence of clear and convincing evidence of a contract, compensation will not follow merely because one partner renders more service in connection with the firm's business than the other, and while it appears that Fraley did render more service in connection with the land than Blair, we are inclined to think that he should not have any compensation for this service, in the absence of more satisfactory evidence of an agreement that he should be compensated than appears in the record.

Blair says that there was no agreement for compensation between them, while Fraley says there was. In his finding of fact upon this issue the commissioner said: "I further find from the records and proof that the plaintiff Blair did as much in promoting the deals, and renting and looking over and caring for the lands owned by them, as did the defendant Fraley, and that neither was to make any charge against the other for said services. Therefore I allow neither one anything for services rendered herein." The chancellor found that while both parties rendered services in connection with the land, Blair should have $102 for his services and Fraley $850 for his, but we are not inclined to allow either any compensation for services rendered in connection with this partnership business.

(4) Objection is made by Blair to an allowance of $99 that it is argued was adjudged as a credit to Fraley on account of individual money expended by him in connection with the partnership matters. In the paragraph in the judgment allowing Fraley compensation for services to the partnership, it is recited that "To this

amount adjudged to the defendant Fraley there is added the sum of $99, money paid out of his individual funds for expenses and for labor done in opening coal openings." But when the court finally came to adjudge the amount due Blair and the credits to which Fraley was entitled, we do not find that he was allowed credit by this $99. The judgment in this respect is so ambiguous as to leave it doubtful whether the court intended or not to give Fraley a distinct credit by this $99. Counsel for appellees say that the court intended to charge Blair with one-half of this $99. Fraley, in his answer and counterclaim, does not assert any claim for $99 or any other sum on account of individual funds expended for the benefit of the partnership, nor do we find in the commissioner's report any mention of this $99. There is, however, evidence showing that Fraley did expend some of his individual funds in attention to the partnership business, and we are inclined to think Fraley should have credit on the note sued on as of the date of the judgment by one-half of $99, or $49.50.

(5) It seems that Blair and Fraley were partners in a logging contract with the Clearfield Lumber Co., and that in the final adjustment of the business between the partnership and the lumber company, Fraley had to pay five hundred dollars, one-half of which should have been paid by Blair, and the commissioner allowed Fraley credit on the note sued on by $250. It appears, however, that the chancellor in his judgment allowed him on this item $256. We think the evidence supports this claim, and while there is some doubt as to whether it should be $250 or $256, we adopt the view of the chancellor and let it stand as recited in the judgment.

(6) It appears that the commissioner allowed Fraley credit by $240 usury embraced in a note for $3,250 executed by Fraley to Blair on November 19, 1907, but that the chancellor found that Fraley should have credit by only $112.91 on account of this usury. It further appears that Fraley owed Blair on November 19, 1907, $3,010, and that interest at 8% on three thousand dollars for one year, namely $240.80, was added to the sum actually due and a note executed for the principal sum and interest. This note did not by its terms commence to bear interest until one year after date, or until its maturity; and it is not a violation of the usury laws to add to the amount of a debt interest thereon at 6% for one year and take a note for the debt and interest due

in one year bearing 6% interest after its maturity. So that in computing the amount due on this $3,010 debt there should be added to it $180.60 and interest counted on $3,190.60 from November 19, 1908, to be credited by the payments made on this debt about which there seems to be no dispute.

(7)   The $62.50 note due from Fraley to Blair should be applied as a credit on the $256 allowed Fraley on account of the logging contract.

(8)   In settlement of partnerships the court has a discretion in adjudging the costs, and we think this case should be treated as the settlement of a partnership and that one-half the costs in the lower court and in this court should be paid by each party.

The judgment is reversed, and on a return of the case it will be corrected as indicated.