## Luke v. Burgess.

(Decided June 19, 1925.)

### Appeal from Scott Circuit Court.

1. Partnership—Partner Cannot Recover for Partnership Services, in Absence of Express Agreement.—A partner cannot recover for services in partnership business, in absence of express agreement that he shall be paid therefor.

2. Partnership—Pleading—Answer in Suit by Partner for Partnership Services Based on Alleged Contract Held Not Demurrable.— In suit by partner for partnership services based on alleged agreement that he was to be paid therefor, answer alleging that, while plaintiff devoted more time to one branch of partnership, than did defendant, latter, because of his attention to other branch, gave partnership far more time and labor than did plaintiff, held not demurrable as constituting a counterclaim or set-off without alleging an express agreement for compensation, but was good as setting up lack of consideration for plaintiff's alleged contract as well as the defense that there was nothing due plaintiff thereunder.

BRADLEY & BRADLEY and L. F. SINCLAIR for appellant.

FORD & FORD and JAMES BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant instituted this common law action to recover of appellee $3,000.00 alleged to be one-half of the reasonable value of work and labor performed by him in excess of like services performed by appellee in the prosecution of their partnership farming operations from March 1, 1918 to March 1, 1922. He alleged that

under the partnership agreement each was to furnish an equal portion of the labor and services necessary to carry on the partnership business, and that thereafter appellee's health failed and he was unable to perform his half of the work and labor necessary to carry on their partnership business, whereupon he agreed to pay appellant a reasonable compensation for the extra service and work thus cast upon him; that on March 1, 1922, the partnership was settled in full and dissolved, with the exception of this claim.

Appellee's demurrer to the petition having been overruled, he excepted, and filed answer in two paragraphs. In the first paragraph, after admitting that he and plaintiff were partners in the farming business for the time stated and that by the partnership agreement each was to furnish an equal portion of the services and labor necessary to carry it on, he denied that the partnership business had been settled in full, or that there had been any settlement or accounting between the parties, or that plaintiff had performed any more labor or services in the partnership business than he, or that he had agreed to pay plaintiff for any such services. The second paragraph alleged that their partnership, in addition to the business of operating the land referred to in the petition, also included the buying and selling of livestock for speculation, and the receiving and shipping of same to the markets, and that during the existence of the partnership they bought thousands of head of livestock, received and shipped same to the markets, and that it was the duty of the plaintiff in carrying on the partnership business to furnish and perform one-half of the labor and services required in the operation of the entire partnership business, including the live stock business, as well as the farming operations; that the time and labor required for the operation and carrying on of the livestock business was far in excess of the time and labor required in the operation of the farm, and that in carrying on the partnership business the defendant devoted the greater part of his time and effort to the operation and carrying on of the livestock business of the partnership, at the same time aiding as much as possible in the carrying on of the farm business, and that the plaintiff gave the principal part of his time and service to the management of the farm; and that the defendant performed for the partnership far more labor and service than the labor and service furnished to the part-

nership by the plaintiff; that all of the labor and service rendered by the plaintiff to the partnership did not equal one-half of the total partnership service, which it was his duty to render as a partner, and that all of the services rendered by the plaintiff in the management and operation of the farm, as set forth in his petition, were due by plaintiff under his partnership contract, and were rendered in performance of his obligation to perform an equal part of the labor of the partnership; that any contract or agreement or promise on the part of the defendant to pay or compensate plaintiff for the services alleged in the petition was wholly without consideration, since such services constituted the performance of the plaintiff's existing partnership obligation as hereinbefore stated.

Plaintiff's demurrer to the second paragraph of the answer having been overruled, he declined to plead further, whereupon his petition was dismissed, and he has appealed.

The rule is thoroughly established in this state as well as elsewhere, that a partner cannot recover for his services in the partnership business in the absence of an express agreement that he shall be paid therefor. Caldwell v. Lang, etc., 31 Ky. L. R. 237; Blair v. Fraley, 172 Ky. 570, 189 S. W. 886; 30 Cyc. 448.

Hence it is contended for appellant that the second paragraph of the answer does not state a counterclaim or set-off against his claim, since it contains no allegation that the defendant was to be paid for his services therein set up. But appellant wholly misconceives the purpose and effect of this paragraph of the answer in assuming that it attempts to present either a counterclaim or a set-off as a defense to his claim. It is neither so styled nor does it seek compensation for any service rendered by the defendant. The effect of its allegations, admitted to be true, is that the partnership consisted not alone of farming operations, but of trading in livestock as well, and that while appellant devoted more time to the farming operations than did appellee, he did not thereby perform more work for the partnership than did appellee, because the latter, in his attention to the livestock branch of the partnership, gave to the partnership far more time and labor than did the plaintiff. This much being conceded to be true, it is apparent that appellant did not perform for the partnership any excess of services over that performed by appellee, or any service

except such as his partnership agreement bound him to perform, and that, therefore, there not only was nothing due him under his alleged contract, but there was no consideration therefor. McDevitt v. Stokes, 174 Ky. 515, 192 S. W. 681; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279, 13 C. J. 351.

Hence the court did not err in overruling the demurrer to this paragraph of the answer.

Judgment affirmed.